**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| **AIO US, INC.,** | : | **Case No. 24-11836 (    )** |
| Debtor. | : | |
| Tax I.D. No. 13-3149872 | : | |

---

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| **AVON PRODUCTS, INC.,** | : | **Case No. 24-11837 (    )** |
| Debtor. | : | |
| Tax I.D. No. 13-0544597 | : | |

---

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| **MI HOLDINGS, INC.,** | : | **Case No. 24-11838 (    )** |
| Debtor. | : | |
| Tax I.D. No. 13-3106450 | : | |

---

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| **AVON CAPITAL CORPORATION,** | : | **Case No. 24-11839 (    )** |
| Debtor. | : | |
| Tax I.D. No. 13-2802219 | : | |

---

## MOTION OF DEBTORS PURSUANT TO
## FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER
## DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

AIO US, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

### Relief Requested

1. By this motion (the "**Motion**"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015–1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Background

3. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

4. The Debtors, together with their debtor and non-debtor affiliates, are a leading manufacturer and marketer of beauty, fashion, and home products with operations and customers across the globe. The Debtors have commenced their chapter 11 cases with the commitment and support of their secured prepetition and post-petition lender and parent, Natura &Co Holding S.A. ("**Natura**"), to address the Debtors' prepetition liabilities and to implement a

RLF1 31353279v.1

sale of all or substantially all of the Debtors' assets to maximize value for the estates and their creditors.

5. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Philip J. Gund in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**") filed contemporaneously herewith and incorporated by reference herein.

## Jurisdiction and Venue

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested Should Be Granted

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code, because Avon Products, Inc. owns, either directly or indirectly, at least 20% of the outstanding voting securities in each Debtor. Accordingly, this Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

8.　　In addition, Local Bankruptcy Rule 1015–1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015–1.

9.　　As set forth in the First Day Declaration, joint administration of these chapter 11 cases will save the Debtors and their estates substantial time and expense, because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and

4

orders.  Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the District of Delaware (the "**U.S. Trustee**") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, as it will spare them the time and effort of reviewing duplicative pleadings and papers.

10. Joint administration of these chapter 11 cases will not adversely affect creditors' rights, because this Motion requests administrative consolidation of the Debtors' estates for procedural purposes only and does not seek substantive consolidation.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

11. The Debtors respectfully request these chapter 11 cases be jointly administered under the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **AIO US, INC.,** *et al.*, | : | **Case No. 24-11836 (    )** |
| Debtors.[1] | : | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: AIO US, Inc. (9872), Avon Products, Inc. (4597), MI Holdings, Inc. (6450), and Avon Capital Corporation (2219).  The Debtors' mailing and service address is 4 International Drive Suite 110, Rye Brook, New York 10573.

12. The Debtors also request that the Clerk of the Court make the following notation on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of AIO US, Inc.) to reflect the joint administration of these cases:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of AIO US, Inc., *et al.*  The docket in Case No. 24-11836 (   ) should be consulted for all matters affecting this case.

14. Based on the foregoing, the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases.  Accordingly, the Court should authorize the relief requested herein.

## Notice

14. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (Attn: Malcolm M. Bates and Linda Richenderfer), (b) the twenty-two (22) law firms with the most significant representations of parties asserting talc claims against the Debtors, (c) the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis (excluding talc claims), (d) Davis Polk & Wardwell LLP and Morris, Nichols, Arsht & Tunnell LLP, as counsel to Natura, (e) the Internal Revenue Service, (f) the Securities and Exchange Commission, (g) the United States Attorney's Office for the District of Delaware, and (h) any party that is entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m) (collectively, the "**Notice Parties**").  As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Bankruptcy Rule 9013-1(m).  The Debtors believe that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 12, 2024
      Wilmington, Delaware

*/s/ Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Zachary I. Shapiro (No. 5103)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail:    collins@rlf.com
            merchant@rlf.com
            shapiro@rlf.com
            queroli@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (*pro hac vice* admission pending)
Matthew P. Goren (*pro hac vice* admission pending)
Alejandro Bascoy (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:    ronit.berkovich@weil.com
            matthew.goren@weil.com
            alejandro.bascoy@weil.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **AIO US, INC.,** | : | **Case No. 24-11836 (     )** |
| **Debtor.** | : | |
| Tax I.D. No. 13-3149872 | : | |

---

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **AVON PRODUCTS, INC.,** | : | **Case No. 24-11837 (     )** |
| **Debtor.** | : | |
| Tax I.D. No. 13-0544597 | : | |

---

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **MI HOLDINGS, INC.,** | : | **Case No. 24-11838 (     )** |
| **Debtor.** | : | |
| Tax I.D. No. 13-3106450 | : | |

---

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **AVON CAPITAL CORPORATION,** | : | **Case No. 24-11839 (     )** |
| **Debtor.** | : | |
| Tax I.D. No. 13-2802219 | : | |

---

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(b) DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of AIO US, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order directing joint administration of the Debtors' chapter 11 cases, pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-11836 (___).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

4. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| AIO US, INC., *et al.*, | : | Case No. 24-11836 (     ) |
| Debtors.[1] | : | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: AIO US, Inc. (9872), Avon Products, Inc. (4597), MI Holdings, Inc. (6450), and Avon Capital Corporation (2219). The Debtors' mailing and service address is 4 International Drive Suite 110, Rye Brook, New York 10573.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6. The following notation shall be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of AIO US, Inc.) to reflect the joint administration of these cases:

2

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of AIO US, Inc., *et al.*  The docket in Case No. 24-11836 (   ) should be consulted for all matters affecting this case.

7. The Debtors and the Clerk of the Court are authorized to take all action necessary to effectuate the relief granted in this Order.

8. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.